IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-171-BO

| | | |
|---|---|---|
| MEDLINE INDUSTRIES, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| OFFICEMART, INC., | ) | |
| Defendant. | ) | |

This cause comes before the Court on plaintiff's motion to dismiss defendant's counterclaim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant has responded, plaintiff has replied, and a video hearing on the matter was held before the undersigned on October 8, 2020, at Greenville, North Carolina. In this posture, the matter is ripe for ruling and, for the reasons that follow, plaintiff's motion is granted.

## BACKGROUND

Plaintiff alleges it is the largest privately held manufacturer and distributor of healthcare products in the world and has used the house mark MEDLINE for fifty years. It claims it has had to combat the inevitable profiteers capitalizing on the COVID-19 crisis by falsely associating themselves and their products with the trusted MEDLINE name. Plaintiff alleges that in April 2020 it discovered that defendant OfficeMart was contacting plaintiff's customers and offering to sell purported MEDLINE branded medical gowns, which it offered at inflated prices claiming they were from a manufacturer in Mexico.

On April 23, 2020, plaintiff filed this suit alleging claims for trademark infringement; unfair competition, false association, and false designation of origin under the Lanham Act; trademark dilution; unfair and deceptive trade practices; and common law unfair competition. [DE 1]. Defendant answered and filed a counterclaim for defamation. [DE 12]. The basis for the

defamation counterclaim is the allegation that plaintiff told defendant's potential customers that "OfficeMart is selling fake Medline gowns and price gouging. You should not do business with OfficeMart."

Plaintiff has moved to dismiss defendant's defamation counterclaim for failure to state a claim. Plaintiff argues that plaintiff's alleged statement about defendant's conduct is absolutely privileged because it concerns a judicial proceeding and that defendant's allegations of defamation *per se* are insufficient to state a claim for relief.

## DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal alteration and citation omitted).

Defendant's counterclaim fails to plausibly allege a claim for defamation. To state a defamation claim under North Carolina law, a plaintiff must allege that "(1) defendant spoke or published base or defamatory words which tended to prejudice him in his reputation, office, trade, business or means of livelihood or hold him up to disgrace, ridicule or contempt; (2) the statement was false; and (3) the statement was published or communicated to and understood by a third person." *Cummings v. Lumbee Tribe of N. Carolina*, 590 F. Supp. 2d 769, 774 (E.D.N.C.

2008) (quoting *Friel v. Angell Care, Inc.*, 113 N.C. App. 505, 509 (1994)). The alleged defamatory statement must be identified "with sufficient particularity to enable the court to determine whether the statement was defamatory." *Stutts v. Duke Power Co.*, 47 N.C. App. 76, 84 (1980).

> In support of its defamation *per se* counterclaim, defendant alleges as follows:
>
> Since mid-April 2020, Medline, through its executive(s), has approached third parties, including OfficeMart's potential customers, claiming that "OfficeMart is selling fake Medline gowns and price gouging. You should not do business with OfficeMart."

[DE 12 ¶ 100].

First, the counterclaim fails to allege whether defendant is asserting a claim for libel or slander. *See Iadanza v. Harper*, 169 N.C. App. 776, 781 (2005). Second, the counterclaim fails to sufficiently allege who actually made the allegedly defamatory statement (whether it was written or oral), how it was made, or how many times it was made. The counterclaim alleges that potential customers, as well as other third-parties, were the target of plaintiff's statement, but this bare allegation is insufficient to state a claim. *See Diagnostic Devices, Inc. v. Pharma Supply, Inc.*, No. 3:08-CV-149-RJC-DSC, 2009 WL 3633888, at *13 (W.D.N.C. Oct. 30, 2009) (dismissing defamation claim which failed to identify the speaker, the time or place of the statement, and to whom the statements were made).

There is no reason to permit defendant an opportunity to amend its counterclaim as plaintiff's statement, if made, is absolutely privileged. It is "well-established that defamatory statements made in the course of a judicial proceeding are absolutely privileged and will not support a civil action for defamation, even if made with malice." *Harris v. NCNB Nat. Bank of N. Carolina*, 85 N.C. App. 669, 672 (1987). The judicial proceeding absolute privilege applies where (1) the statements are made during the course of a judicial proceeding, (2) they are

3

sufficiently relevant to the judicial proceeding, and (3) the claim is based upon the allegation that the statement at issue is false, fraudulent, or misleading. *N. Carolina Mut. Life Ins. Co. v. Stamford Brook Capital, LLC*, No. 1:16CV1174, 2019 WL 4739539, at *4 (M.D.N.C. Sept. 27, 2019). North Carolina courts have defined the phrase "judicial proceeding" broadly. *Harris*, 85 N.C. App. at 673.

Taking the requirements in reverse order, defendant has plainly alleged that the defamatory statement is false. The statement is also sufficiently relevant to this judicial proceeding. The allegedly defamatory statement is "so related to the subject matter of th[is] controversy that it may become the subject of inquiry in the course of the trial . . . ." *Scott v. Statesville Plywood & Veneer Co.*, 240 N.C. 73, 76 (1954). Indeed, that allegedly defamatory statement concerns precisely what constitutes that basis of plaintiff's claims against defendant – that defendant sold fake MEDLINE gowns and engaged in price gouging.

Finally, the alleged defamatory statement was made either concurrently with or just prior to this lawsuit being filed. Although defendant now argues that the statement was made prior to this litigation, the counterclaim itself does not make that clear. Moreover, even if the statement was made just prior to this judicial proceeding, it was plainly relevant to the issues in a proposed, if not ongoing, judicial proceeding. *Harris*, 85 N.C. App. at 672. Plaintiff alleges that on or about April 15, 2020, it learned from one of its customers that defendant was offering to sell large quantities of MEDLINE gowns. This suit followed eight days later. The Court deems the allegedly defamatory statement to have been made during the course of this judicial proceeding for purposes of the privilege. The absolute privilege applies to the allegedly defamatory statement, and the counterclaim is properly dismissed.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motion to dismiss defendant's counterclaim [DE 14] is GRANTED. Defendant's counterclaim is DISMISSED.

SO ORDERED, this 22 day of October, 2020.

_____
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE